Sean M. Coughlin (State Bar No. 268778)
scoughlin@lathropgage.com
LATHROP & GAGE LLP
1888 Century Park East, Suite 1000
Los Angeles, CA 90067
Tel: (310) 789-4600
Fax: (310) 789-4601

R. Cameron Garrison (*pro hac vice* application forthcoming)
cgarrison@lathropgage.com
LATHROP & GAGE LLP
Kansas City, MO 64108
Tel: (816) 292-2000
Fax: (816) 292-2001

Attorneys for Plaintiff MUNCHKIN, INC.

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUNCHKIN, INC.,<br><br>  Plaintiff,<br>v.<br><br>EDGEWELL PERSONAL CARE BRANDS, LLC, and INTERNATIONAL REFILLS COMPANY, LTD.,<br><br>  Defendants. | Case No.  2:17-cv-3831<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Munchkin, Inc. ("Munchkin"), for its Complaint for Declaratory Judgment against Defendants Edgewell Personal Care Brands, LLC ("Edgewell"), and International Refills Company, Ltd. ("IRC") (collectively, "Defendants"), states as follows:

## NATURE OF THE CASE

1. This is a civil action for declarations of non-infringement and invalidity of United States Patent Nos. 8,899,420 (the "'420 Patent") and 6,974,029 (the "'029 Patent") (collectively, the "Asserted Patents"), under the patent laws of the United States, Title 35 of the United States Code, §§ 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Copies of the '420 Patent and the '029 Patent are attached as **Exhibits A and B**, respectively.

## THE PARTIES

2. Munchkin is a corporation organized under the laws of the State of Delaware with its principal place of business located at 7835 Gloria Avenue, Van Nuys, CA 91406, which is within the Central District of California.

3. On information and belief, Edgewell is a corporation organized under the laws of the State of Delaware with its principal place of business located at 1350 Timberlake Manor Parkway, Chesterfield, MO 63017.

4. On information and belief, IRC is a corporation organized under the laws of Barbados with its principal place of business located at #1 Hythe Gardens, Welches, Christ Church, Barbados, West Indies.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code, §§ 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court may exercise specific and/or general personal jurisdiction over Defendants pursuant to due process and/or the California Long-Arm Statute,

Cal. Civ. Proc. Code § 410.10, on the grounds that Defendants regularly conduct and/or solicit business in this District and the State of California, engage in other persistent courses of conduct in this District and the State of California, and/or derive substantial revenue from the sale of goods to persons or entities in this District and the State of California. Defendants thereby have purposefully availed themselves of the privilege of conducting business in this District and the State of California such that it would be fair and reasonable for this Court to exercise personal jurisdiction over them. Defendants also have sought to enforce the Asserted Patents against Munchkin and other companies incorporated and/or headquartered in California through activities directed at this District and the State of California, including without limitation through service of correspondence and legal process on Munchkin alleging infringement of the Asserted Patents by Munchkin.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District, including actions by Defendants to enforce the Asserted Patents in this District against Munchkin, and because Defendants are subject to personal jurisdiction in this District.

**FACTUAL BACKGROUND**

8. The Asserted Patents are directed generally to infant diaper disposal systems.

9. On January 21, 2016, Defendants filed a Complaint against Munchkin in the United States District Court for the District of Connecticut, captioned *Edgewell Personal Care Brands, LLC et al. v. Munchkin, Inc*, No. 3:16-cv-00094-VLB (the "Connecticut Infringement Action"), in which Defendants alleged that Munchkin has directly infringed the Asserted Patents through the manufacture, sale, and/or importation of infant diaper disposal systems and their components, including diaper pail refill cassettes (the "Accused Products"). A copy of the

Complaint filed by Defendants in the Connecticut Infringement Action is attached as **Exhibit C**.

10. On May 9, 2017, Defendants filed a First Amended Complaint against Munchkin in the Connecticut Infringement Action. A copy of the First Amended Complaint filed by Defendants in the Connecticut Infringement Action is attached as **Exhibit D**.

11. On information and belief, based on the allegations in the Complaint and First Amended Complaint filed by Defendants in the Connecticut Infringement Action, as well as public records of the United States Patent and Trademark Office, IRC is the owner of all right, title, and interest in the Asserted Patents by assignment.

12. On information and belief, based on the allegations in the Complaint and First Amended Complaint filed by Defendants in the Connecticut Infringement Action, IRC has granted an exclusive license to Edgewell to practice the Asserted Patents in the United States.

13. Munchkin denies that it has infringed the Asserted Patents and alleges that the Asserted Patents are invalid.

14. Accordingly, there exists a justiciable controversy between Munchkin and Defendants concerning the infringement and validity of the Asserted Patents.

## COUNT I

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

15. Munchkin incorporates by reference all previous allegations as though fully set forth herein.

16. Munchkin is entitled to a declaratory judgment that Munchkin has not infringed and does not currently infringe, directly or indirectly through contribution or inducement, any claim of the Asserted Patents, either literally or under the doctrine of equivalents.

## COUNT II

## (DECLARATORY JUDGMENT OF INVALIDITY)

17. Munchkin incorporates by reference all previous allegations as though fully set forth herein.

18. Munchkin is entitled to a declaratory judgment that the claims of the Asserted Patents are invalid for failure to meet the conditions for patentability set forth in Title 35 of the United States Code, §§ 101 *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Munchkin respectfully prays for entry of judgment in its favor and against Defendants as follows:

A. Declaring that Munchkin has not infringed and does not currently infringe, directly or indirectly through contribution or inducement, any claim of the Asserted Patents, either literally or under the doctrine of equivalents;

B. Declaring that the claims of the Asserted Patents are invalid for failure to meet the conditions for patentability set forth in Title 35 of the United States Code, §§ 101 *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112; and

C. Granting Munchkin such other and further relief as the Court deems just and proper.

- 4 -
COMPLAINT FOR DECLARATORY JUDGMENT

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Munchkin hereby demands a jury trial on all issues so triable.

DATED: May 22, 2017          LATHROP & GAGE LLP

By: /s/ Sean M. Coughlin
    Sean M. Coughlin
    Attorney for Plaintiff
    MUNCHKIN, INC.